(28 Misc. Rep. 383.)

### BLANK v. KEARNEY et al.

(Supreme Court, Special Term, Kings County.   July, 1899.)

MUNICIPAL CONTRACTS—LIGHTING STREETS—NECESSITY OF ORDINANCE.

Under the charter of Greater New York (section 100), giving the board of public improvements power, in conformity to the ordinance regulating contracts, to prepare contracts for street lighting; and section 49, subd. 8, conferring on the municipal assembly power to establish ordinances for lighting streets; and section 413, providing that any "public work" that is a subject of contract must be authorized by the board of public improvements and by ordinance of the assembly; and section 416, making it the duty of the board of public improvements to prepare ordinances for the municipal assembly regulating the lighting of streets; and section 419, providing that all contracts for supplies to be furnished shall be under regulations established by ordinance of the municipal assembly; and section 417, providing that ordinances for the lighting of public thoroughfares must be adopted or prepared by the board of public improvements and submitted to the general assembly,—a contract for the lighting of the thoroughfares, streets, avenues, and buildings of the city of New York is a public work, a contract for which must first be duly authorized and approved by a resolution of the board of public improvements and an ordinance or resolution of the municipal assembly.

Suit by Joseph Blank against Henry S. Kearney and others.   Motion to continue pendente lite an injunction restraining the letting and execution of a contract for street lighting.   Granted.

James C. Church, for plaintiff.
R. Percy Chittenden, for the city of New York.

MADDOX, J.   The defendant Kearney, as commissioner of buildings, lighting, and supplies, is a member of the board of public improvements (Charter, § 100), and has power, "under and in conformity to the ordinance regulating contracts," to prepare the terms and specifications under which contracts for street lighting shall be made

(Id. § 587). Power is conferred upon the municipal assembly to es-
tablish ordinances providing, subject to the provisions of the char-
ter, for the lighting of streets, roads, places, and avenues. Id. § 49,
subd. 8. It is the duty of the board of public improvements "to pre-
pare and to recommend to the municipal assembly all ordinances
and resolutions regulating   *   *   *   the lighting of all public thor-
oughfares, places, bridges and buildings" (Id. § 416, subd. 10), and
also regulating "the making of all contracts for public work or sup-
plies, and agreements in relation thereto by which the city shall
be liable to pay money" (Id. subd. 13). By section 419 of the char-
ter it is provided that "all contracts to be made or let for work
to be done or supplies to be furnished, except as in this act other-
wise provided,   *   *   *.  shall be made by the appropriate heads of
departments under such regulations as shall be established by ordi-
nance or resolution of the municipal assembly"; and by section 417
it is provided that "all proposed city ordinances regulating the pub-
lic work specified in section 416" (and the lighting of all public
thoroughfares, places, and buildings is therein specified) "must from
time to time be adopted or prepared by said board of public improve-
ments, and when approved by said board, such proposed ordinances
duly certified shall be submitted to the municipal assembly   *   *   *
so far as may be possible in the first instance, and so far as the
public business may permit, the ordinances regulating the matters
provided for in section 416 of this act shall be submitted to the
municipal assembly so as to afford an entire rule of municipal ac-
tion upon each of the different subjects in said section described and
specified." The words "public thoroughfare" comprehend streets,
avenues, and places; and the words, as used in the charter, may
be held to have been so used synonymously.

It appears that there have been appropriated for the purpose of
lamps and lighting the following amounts, viz.: Boroughs of Man-
hattan and the Bronx, $1,340,236; borough of Brooklyn, $876,012.67;
borough of Queens, $344,091.84; borough of Richmond, $125,528.75,
—amounting in all to $2,685,869.26. And, by referring to section
587 of the charter, it will be seen that "separate contracts shall be
made for such lighting in each borough of the city of New York, or
in such subdivisions of the city as may appear to the board of public
improvements and the municipal assembly to be for the best inter-
ests of the city." Again, by section 413, it is also provided that,
"except as herein otherwise provided, any public work or improve-
ment within the cognizance and control of any one or more of the
departments of the commissioners who constitute the board of pub-
lic improvements, that may be the subject of a contract, must first
be duly authorized and approved by a resolution of the board of pub-
lic improvements and an ordinance or resolution of the municipal
assembly.   *   *   *"  It is claimed on behalf of the defendants that
this contemplated contract is not for a "public work," within the
meaning of that section, but that it is for the furnishing of supplies.
To this I cannot give assent, since it does not relate only to the
furnishing of gas or electricity for illuminating purposes, but pro-
vides also for the furnishing, operating, and maintaining of lamps,

and their care, cleaning, lighting, extinguishing, repairing, and many other details relating thereto, all as one completed undertaking. An inspection of the printed advertisement and proposals for bids and estimates, and of the proposed contract, all attached to defendants' papers, clearly illustrates the magnitude of the work to be done, and for the performance of which more than $2,500,000 have been set apart by the board of estimate and apportionment. If the performance of such contracts—the lighting of the thoroughfares, streets, avenues, places, and buildings of the city of New York, as is contemplated—is not a "public work," then I am at a loss to know what it is; for it is not the furnishing of supplies, within the fair intendment of the words, in my opinion. But, for the sake of the argument, if it might be so considered,—that is, the furnishing of supplies,—even then I think that, perforce of the provisions of sections 416, 417, and 587 of the charter, fairly interpreted, approval and authorization by ordinance or resolution of the municipal assembly are necessary and a prerequisite to final action of the commissioner in awarding the contracts for such lighting.

The motion to continue the injunction pendente lite is granted.